FILED

1   LYNN HUBBARD, III, SBN 69773
    **DISABLED ADVOCACY GROUP, APLC**
2   12 Williamsburg Lane                          2011 MAY 26  PM 2:29
3   Chico, CA 95926
    Telephone: (530) 895-3252                     CLERK U.S. DISTRICT COURT
4   Facsimile: (530) 894-8244                     CENTRAL DIST OF CALIF.
    Email: USDCCentral@HubsLaw.com                       RIVERSIDE
5
6   Attorneys for Plaintiff

7

8
                    UNITED STATES DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10

11
                    **CV  11  -  04554  DMG**
12                                                                     **MANx**

13  CHRIS KOHLER,                        )   No.
                                         )
14         Plaintiff,                     )
                                         )
15         vs.                            )   **Plaintiff's Complaint**
                                         )
16  BED BATH & BEYOND of                 )
17  CALIFORNIA, LLC dba BED              )
    BATH & BEYOND #538; SPORT            )
18  CHALET, INC. dba SPORT               )
    CHALET #29; RIVERSIDE                )
19  HAMNER PROPERTIES, LLC,              )
20                                        )
           Defendants.                    )
21                                        )

22

23

24

25

26

27

28

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

# I. SUMMARY

1.     This is a civil rights action by plaintiff Chris Kohler ("Kohler") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as:

Bed Bath & Beyond #538
3700 Tyler Street, Suite 14
Riverside, CA 92503
(hereafter "the BB&B Facility")

Sport Chalet #29
3700 Tyler Street, Suite R
Riverside, CA 92503
(hereafter "the Sport Chalet Facility")

(collectively, "the Entire Facility").


2.     Kohler seeks damages, injunctive and declaratory relief, attorney fees and costs, against Bed Bath & Beyond of California, LLC dba Bed Bath & Beyond #538 ("BB&B"); Sport Chalet, Inc. dba Sport Chalet #29 ("Sport Chalet"); and, Riverside Hamner Properties, LLC ("Riverside Hamner") pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes.

# II. JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.     Kohler's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

### III. VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

### IV. PARTIES

7.     BB&B owns, operates, and/or leases the BB&B Facility, and consists of a person (or persons), firm, and/or corporation.

8.     Sport Chalet owns, operates, and/or leases the Sport Chalet Facility, and consists of a person (or persons), firm, and/or corporation.

9.     Riverside Hamner owns, operates, and/or leases the Entire Facility and consists of a person (or persons), firm, and/or corporation.

10.    Kohler was shot in the back in 1988, which left him paralyzed from the waist down and requires the use of a wheelchair when traveling about in public. Consequently, Kohler is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

### V. FACTS

11.    The BB&B Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

12.    The Sport Chalet Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

13.    The Entire Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

14.    Kohler visited these facilities and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

1    to use and enjoy the goods, services, privileges, and accommodations offered at

2    all of the facilities.

3         15.    To the extent known by Kohler, the barriers at the BB&B Facility

4    included, but are not limited to, the following:

5    • The tow away signage posted is incorrect.  Without the correct

6      signage, Kohler cannot have vehicles towed that are illegally parked

7      in disabled parking spaces;

8    • The tow away signage does not have a telephone number or location

9      for reclaiming towed vehicles.  Without the language clearly

10     displayed, Kohler cannot have vehicles towed that are illegally

11     parked in disabled parking spaces;

12   • There is insufficient strike side clearance when entering the

13     restroom, thus making it difficult for Kohler to pull open the door;

14   • The signage at the strike side of the restroom door is incorrect,

15     making it difficult for Kohler to determine if the facility is intended

16     to be accessible to him;

17   • The front roll of toilet tissue is more than 12 inches from the front

18     of the water closet, thus making it difficult – if not impossible – for

19     Kohler to reach and use;

20   • The pipes beneath the lavatories are not completely and properly

21     wrapped, thus causing Kohler to risk being burned when using;

22   • The operable part of the paper towel dispenser is more than 40

23     inches from the floor, thus making it difficult – if not impossible –

24     for Kohler to reach and use; and,

25   • There is insufficient strike side clearance when exiting the restroom,

26     thus making it difficult for Kohler to open the door.

27   These barriers prevented Kohler from enjoying full and equal access.

28

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

1      16.    To the extent known by Kohler, the barriers at the Sport Chalet
2  included, but are not limited to, the following:

3             • The signage at the van accessible parking space is incorrect, thus
4               making it difficult for Kohler to determine which spaces are
5               intended for vans;

6             • The dressing room bench is not 24 inches wide by 48 inches long,
7               thus preventing Kohler from making a diagonal transfer from his
8               wheelchair;

9             • The dressing room mirror is not mounted across from the dressing
10              room bench, thus preventing Kohler from using it while seated on
11              the bench;

12            • There is no handle mounted below the water closet stall door lock,
13              thus making it difficult for Kohler to completely and properly close
14              the door;

15            • The toilet tissue dispenser is mounted too high, thus making it
16              difficult for Kohler to reach and use;

17            • The toilet tissue dispenser is not located within 12 inches from the
18              front of the water closet, thus making it impossible for Kohler to
19              reach and use;

20            • The mirrors are mounted too high, thus making the impossible for
21              Kohler to use;

22            • The soap dispensers are mounted too high, thus making them
23              difficult – if not impossible – for Kohler to reach and use;

24            • The pipes beneath the lavatories are not completely wrapped, thus
25              causing Kohler to risk burning his legs when using;

26            • The paper towel dispenser is mounted too high, thus making it
27              difficult – if not impossible – for Kohler to reach and use; and,

28

- There is insufficient strike side clearance when exiting the restroom, thus making it difficult for Kohler to pull open the door.

These barriers prevented Kohler from enjoying full and equal access.

17.   Kohler was also deterred from visiting the BB&B Facility because he knew that the BB&B Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the BB&B Facility because of the future threats of injury created by these barriers.

18.   Kohler was also deterred from visiting the Sport Chalet Facility because he knew that the Sport Chalet Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Sport Chalet Facility because of the future threats of injury created by these barriers.

19.   Kohler was also deterred from visiting the Entire Facility because he knew that the Entire Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Entire Facility because of the future threats of injury created by these barriers.

20.   Kohler also encountered barriers at the facilities, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Kohler is seeking to remove barriers unrelated to his disability.

21.   BB&B knew that these elements and areas of the BB&B Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, BB&B has the financial resources to remove these barriers from BB&B (without much difficulty or expense), and make the BB&B Facility accessible to the physically disabled.   To date,

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

1   however, BB&B refuses to either remove those barriers or seek an unreasonable

2   hardship exemption to excuse non-compliance.

3      22.   At all relevant times, BB&B has possessed and enjoyed sufficient

4   control and authority to modify the BB&B Facility to remove impediments to

5   wheelchair access and to comply with the Americans with Disabilities Act

6   Accessibility Guidelines and Title 24 regulations.  BB&B has not removed such

7   impediments and has not modified the BB&B Facility to conform to accessibility

8   standards.  BB&B has intentionally maintained the BB&B Facility in its current

9   condition and has intentionally refrained from altering the BB&B Facility so that

10  it complies with the accessibility standards.

11     23.   Kohler further alleges that the (continued) presence of barriers at the

12  BB&B facility is so obvious as to establish BB&B's discriminatory intent.  On

13  information and belief, Kohler avers that evidence of this discriminatory intent

14  includes BB&B's refusal to adhere to relevant building standards; disregard for

15  the building plans and permits issued for the BB&B Facility; conscientious

16  decision to the architectural layout (as it currently exists) at the BB&B Facility;

17  decision not to remove barriers from the BB&B Facility; and allowance that

18  BB&B's property continues to exist in its non-compliant state.  Kohler further

19  alleges, on information and belief, that BB&B is not in the midst of a remodel,

20  and that the barriers present at the BB&B Facility are not isolated (or temporary)

21  interruptions in access due to maintenance or repairs.[1]

22     24.   Sport Chalet knew that these elements and areas of the Sport Chalet

23  Facility were inaccessible, violate state and federal law, and interfere with (or

24  deny) access to the physically disabled.  Moreover, Sport Chalet has the financial

25  resources to remove these barriers from Sport Chalet (without much difficulty or

26  expense), and make the Sport Chalet Facility accessible to the physically

27

28  [1]   Id.; 28 C.F.R. § 36.211(b)
*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

Page 7

1   disabled.  To date, however, Sport Chalet refuses to either remove those barriers
2   or seek an unreasonable hardship exemption to excuse non-compliance.

3       25.    At all relevant times, Sport Chalet has possessed and enjoyed
4   sufficient control and authority to modify the Sport Chalet Facility to remove
5   impediments to wheelchair access and to comply with the Americans with
6   Disabilities Act Accessibility Guidelines and Title 24 regulations.  Sport Chalet
7   has not removed such impediments and has not modified the Sport Chalet
8   Facility to conform to accessibility standards.  Sport Chalet has intentionally
9   maintained the Sport Chalet Facility in its current condition and has intentionally
10  refrained from altering the Sport Chalet Facility so that it complies with the
11  accessibility standards.

12      26.    Kohler further alleges that the (continued) presence of barriers at the
13  sport chalet facility is so obvious as to establish Sport Chalet's discriminatory
14  intent.  On information and belief, Kohler avers that evidence of this
15  discriminatory intent includes Sport Chalet's refusal to adhere to relevant
16  building standards; disregard for the building plans and permits issued for the
17  Sport Chalet Facility; conscientious decision to the architectural layout (as it
18  currently exists) at the Sport Chalet Facility; decision not to remove barriers
19  from the Sport Chalet Facility; and allowance that Sport Chalet's property
20  continues to exist in its non-compliant state.  Kohler further alleges, on
21  information and belief, that Sport Chalet is not in the midst of a remodel, and
22  that the barriers present at the Sport Chalet Facility are not isolated (or
23  temporary) interruptions in access due to maintenance or repairs.[2]

24      27.    Riverside Hamner knew that these elements and areas of the Entire
25  Facility were inaccessible, violate state and federal law, and interfere with (or
26  deny) access to the physically disabled.  Moreover, Riverside Hamner has the

27
28  _____
    [2]   Id.; 28 C.F.R. § 36.211(b)
    *Kohler v. Bed Bath & Beyond of California, LLC, et al.*
    Plaintiff's Complaint

financial resources to remove these barriers from the Entire Facility (without much difficulty or expense), and make the Entire Facility accessible to the physically disabled.   To date, however, Riverside Hamner refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

28.   At all relevant times, Riverside Hamner has possessed and enjoyed sufficient control and authority to modify the Entire Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.   Riverside Hamner has not removed such impediments and has not modified the Entire Facility to conform to accessibility standards.   Riverside Hamner has intentionally maintained the Entire Facility in its current condition and has intentionally refrained from altering the Entire Facility so that it complies with the accessibility standards.

29.   Kohler further alleges that the (continued) presence of barriers at the Entire Facility is so obvious as to establish Riverside Hamner's discriminatory intent. On information and belief, Kohler avers that evidence of this discriminatory intent includes Riverside Hamner's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Entire Facility; conscientious decision to the architectural layout (as it currently exists) at the Entire Facility; decision not to remove barriers from the Entire Facility; and allowance that Riverside Hamner's property continues to exist in its non-compliant state.   Kohler further alleges, on information and belief, that Riverside Hamner is not in the midst of a remodel, and that the barriers present at the Entire Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[3]

---

[3]   Id.; 28 C.F.R. § 36.211(b)

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

# VI. FIRST CLAIM

## Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

(The BB&B Facility)

30.     Kohler incorporates the allegations contained in paragraphs 1 through 29 for this claim.

31.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

32.     BB&B discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the BB&B Facility during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

33.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

34.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

35.     Here, Kohler alleges that BB&B can easily remove the architectural barriers at BB&B Facility without much difficulty or expense, and that BB&B

violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

36.     In the alternative, if it was not "readily achievable" for BB&B to remove the BB&B Facility's barriers, then BB&B violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

37.     On information and belief, the BB&B Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

38.     The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

39.     Here, BB&B violated the ADA by designing or constructing (or both) the BB&B Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[4]

---

[4]     Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

<u>Failure to Make an Altered Facility Accessible</u>

40.    On information and belief, the BB&B Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

41.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

42.    Here, BB&B altered the BB&B Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

43.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

44.    Here, BB&B violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the BB&B Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

45.    Kohler seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

46.    Kohler also seeks a finding from this Court (*i.e.*, declaratory relief) that BB&B violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

# VII. SECOND CLAIM

## Disabled Persons Act

### (The BB&B Facility)

47.     Kohler incorporates the allegations contained in paragraphs 1 through 46 for this claim.

48.     California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

49.     California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

50.     Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

51.     Here, BB&B discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the BB&B Facility. BB&B also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

52.     For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

53.     He also seeks to enjoin BB&B from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

(The BB&B Facility)

54.    Kohler incorporates the allegations contained in paragraphs 1 through 53 for this claim.

55.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

56.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

57.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

58.    BB&B's aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

59.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

60.    Kohler was damaged by BB&B's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

61.    Kohler also seeks to enjoin BB&B from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The BB&B Facility)

62.    Kohler incorporates the allegations contained in paragraphs 1 through 61 for this claim.

63.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

64.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

65.    Kohler alleges the BB&B Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the BB&B Facility was not exempt under Health and Safety Code § 19956.

66.    BB&B's non-compliance with these requirements at the BB&B Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. FIFTH CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Sport Chalet Facility)

67.    Kohler incorporates the allegations contained in paragraphs 1 through 66 for this claim.

68.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

1  offered by any person who owns, operates, or leases a place of public
2  accommodation. 42 U.S.C. § 12182(a).

3      69.   Sport Chalet discriminated against Kohler by denying "full and
4  equal enjoyment" and use of the goods, services, facilities, privileges or
5  accommodations of the Sport Chalet Facility during each visit and each incident
6  of deterrence.

7  <center>Failure to Remove Architectural Barriers in an Existing Facility</center>

8      70.   The ADA specifically prohibits failing to remove architectural
9  barriers, which are structural in nature, in existing facilities where such removal
10 is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily
11 achievable" is defined as "easily accomplishable and able to be carried out
12 without much difficulty or expense." Id. § 12181(9).

13     71.   When an entity can demonstrate that removal of a barrier is not
14 readily achievable, a failure to make goods, services, facilities, or
15 accommodations available through alternative methods is also specifically
16 prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

17     72.   Here, Kohler alleges that Sport Chalet can easily remove the
18 architectural barriers at Sport Chalet Facility without much difficulty or expense,
19 and that Sport Chalet violated the ADA by failing to remove those barriers, when
20 it was readily achievable to do so.

21     73.   In the alternative, if it was not "readily achievable" for Sport Chalet
22 to remove the Sport Chalet Facility's barriers, then Sport Chalet violated the
23 ADA by failing to make the required services available through alternative
24 methods, which are readily achievable.

25 <center>Failure to Design and Construct an Accessible Facility</center>

26     74.   On information and belief, the Sport Chalet Facility was designed or
27 constructed (or both) after January 26, 1992—independently triggering access
28 requirements under Title III of the ADA.

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

75.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

76.    Here, Sport Chalet violated the ADA by designing or constructing (or both) the Sport Chalet Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[5]

<u>Failure to Make an Altered Facility Accessible</u>

77.    On information and belief, the Sport Chalet Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

78.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).   Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

79.    Here, Sport Chalet altered the Sport Chalet Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

80.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity

---

[5] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

1  can demonstrate that making such modifications would fundamentally alter their
2  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

3      81.     Here, Sport Chalet violated the ADA by failing to make reasonable
4  modifications in policies, practices, or procedures at the Sport Chalet Facility,
5  when these modifications were necessary to afford (and would not fundamentally
6  alter the nature of) these goods, services, facilities, or accommodations.

7      82.     Kohler seeks all relief available under the ADA (*i.e.*, injunctive
8  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
9  U.S.C. § 12205.

10     83.     Kohler also seeks a finding from this Court (*i.e.,* declaratory relief)
11 that Sport Chalet violated the ADA in order to pursue damages under
12 California's Unruh Civil Rights Act or Disabled Persons Act.

<div align="center">

XI. SIXTH CLAIM

**Disabled Persons Act**

(The Sport Chalet Facility)

</div>

16     84.     Kohler incorporates the allegations contained in paragraphs 1
17 through 83 for this claim.

18     85.     California Civil Code § 54 states, in part, that: Individuals with
19 disabilities have the same right as the general public to the full and free use of
20 the streets, sidewalks, walkways, public buildings and facilities, and other public
21 places.

22     86.     California Civil Code § 54.1 also states, in part, that: Individuals
23 with disabilities shall be entitled to full and equal access to accommodations,
24 facilities, telephone facilities, places of public accommodation, and other places
25 to which the general public is invited.

26     87.     Both sections specifically incorporate (by reference) an individual's
27 rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

28

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

88.   Here, Sport Chalet discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Sport Chalet Facility.  Sport Chalet also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

89.   For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

90.   He also seeks to enjoin Sport Chalet from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XII. SEVENTH CLAIM

### Unruh Civil Rights Act

(The Sport Chalet Facility)

91.   Kohler incorporates the allegations contained in paragraphs 1 through 90 for this claim.

92.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

93.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

94.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

95.   Sport Chalet's aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

96.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

97.   Kohler was damaged by Sport Chalet's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

98.   Kohler also seeks to enjoin Sport Chalet from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XIII. EIGHTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Sport Chalet Facility)

99.   Kohler incorporates the allegations contained in paragraphs 1 through 98 for this claim.

100.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

101.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

102.   Kohler alleges the Sport Chalet Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Sport Chalet Facility was not exempt under Health and Safety Code § 19956.

103.   Sport Chalet's non-compliance with these requirements at the Sport Chalet Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.   Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XIV. NINTH CLAIM

### Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

(The Entire Facility)

104.   Kohler incorporates the allegations contained in paragraphs 1 through 103 for this claim.

105.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

106.   Riverside Hamner discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Entire Facility during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

107.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

108.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

1  accommodations available through alternative methods is also specifically
2  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

3      109.  Here, Kohler alleges that Riverside Hamner can easily remove the
4  architectural barriers at Entire Facility without much difficulty or expense, and
5  that Riverside Hamner violated the ADA by failing to remove those barriers,
6  when it was readily achievable to do so.

7      110.  In the alternative, if it was not "readily achievable" for Riverside
8  Hamner to remove the Entire Facility's barriers, then Riverside Hamner violated
9  the ADA by failing to make the required services available through alternative
10  methods, which are readily achievable.

11                **Failure to Design and Construct an Accessible Facility**

12     111.  On information and belief, the Facility Facility was designed or
13  constructed (or both) after January 26, 1992—independently triggering access
14  requirements under Title III of the ADA.

15     112.  The ADA also prohibits designing and constructing facilities for
16  first occupancy after January 26, 1993, that aren't readily accessible to, and
17  usable by, individuals with disabilities when it was structurally practicable to do
18  so. 42 U.S.C. § 12183(a)(1).

19     113.  Here, Riverside Hamner violated the ADA by designing or
20  constructing (or both) the Entire Facility Facility in a manner that was not readily
21  accessible to the physically disabled public—including Kohler—when it was
22  structurally practical to do so.[6]

23                **Failure to Make an Altered Facility Accessible**

24     114.  On information and belief, the Entire Facility was modified after
25  January 26, 1992, independently triggering access requirements under the ADA.

26

27

28  [6]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
        private attorney general under either state or federal statutes.
    *Kohler v. Bed Bath & Beyond of California, LLC, et al.*
    Plaintiff's Complaint

115.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).   Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

116.   Here, Riverside Hamner altered the Entire Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

117.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

118.   Here, Riverside Hamner violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Entire Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

119.   Kohler seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

120.   Kohler also seeks a finding from this Court (*i.e.,* declaratory relief) that Riverside Hamner violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XV. TENTH CLAIM

### Disabled Persons Act

(The Entire Facility)

121.  Kohler incorporates the allegations contained in paragraphs 1 through 120 for this claim.

122.  California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

123.  California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

124.  Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

125.  Here, Riverside Hamner discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Entire Facility.  Riverside Hamner also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

126.  For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

127.  He also seeks to enjoin Riverside Hamner from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

# XVI. ELEVENTH CLAIM

## Unruh Civil Rights Act

### (The Entire Facility)

128.  Kohler incorporates the allegations contained in paragraphs 1 through 127 for this claim.

129.  California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

130.  California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

131.  California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

132.  Riverside Hamner's aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

133.  These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

134.  Kohler was damaged by Riverside Hamner's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

135.  Kohler also seeks to enjoin Riverside Hamner from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

# XVII. TWELFTH CLAIM

## Denial of Full and Equal Access to Public Facilities

### (The Entire Facility)

136.   Kohler incorporates the allegations contained in paragraphs 1 through 135 for this claim.

137.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

138.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

139.   Kohler alleges the Entire Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Entire Facility was not exempt under Health and Safety Code § 19956.

140.   Riverside Hamner's non-compliance with these requirements at the Entire Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.   Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XVIII. PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against BB&B for:

1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.      Declaratory relief that BB&B violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.[7]

5.      Interest at the legal rate from the date of the filing of this action.

## XIX. PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against Sport Chalet for:

1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.      Declaratory relief that Sport Chalet violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.[8]

5.      Interest at the legal rate from the date of the filing of this action.

---

[7]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[8]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

XX. PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against Riverside Hamner for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Riverside Hamner violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.     Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.     Attorneys' fees, litigation expenses, and costs of suit.[9]

5.     Interest at the legal rate from the date of the filing of this action.

DATED: May 24, 2011                DISABLED ADVOCACY GROUP, APLC



LYNN HUBBARD, III
Attorney for Plaintiff

---

[9]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Kohler v. Bed Bath & Beyond of California, LLC, et al.*
Plaintiff's Complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV11- 4554 DMG (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHRIS KOHLER,

PLAINTIFF(S),

v.

SEE ATTACHED SHEET

DEFENDANT(S).

CASE NUMBER

CV 11 - 04554 DMG MANx

SUMMONS

TO:     DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _LYNN HUBBARD, III_____, whose address is _Law Office of Lynn Hubbard,  12 Williamsburg Lane, Chico, CA  95926_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

**TERRY NAFISI**

TERRY NAFISI

Clerk, U.S. District Court

Dated: ___MAY 2 6 2011___

By: ___A. Mhin___

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

DEFENDANT'S LIST

1. BED BATH & BEYOND of CALIFORNIA, LLC dba BED BATH & BEYOND #538;

2. SPORT CHALET, INC. dba SPORT CHALET #29;

3. RIVERSIDE HAMNER PROPERTIES, LLC,

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

CHRIS KOHLER

**DEFENDANTS**

SEE ATTACHED SHEET

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
SAN DIEGO

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Lynn Hubbard, III, SBN 69773
LAW OFFICE OF LYNN HUBBARD
12 Williamsburg Lane
Chico, CA  95926  (530) 895-3252

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ excess $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S. C. Section 12100, et seq. ongoing violations of ADA Construction Standards

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | PERSONAL INJURY | PERSONAL PROPERTY | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 895 Freedom of Information Act | ☐ 220 Foreclosure | | ☐ 444 Welfare | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 865 RSI (405(g)) |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | | | | **FEDERAL TAX SUITS** |
| | ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

CV 11 - 04554 DMG MANx

**FOR OFFICE USE ONLY:**     Case Number:

CV-71 (01/03)     CIVIL COVER SHEET     Page 1 of 2

MAY 26 2011

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

---

VIII(b).  **RELATED CASES:**  Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A.  Appear to arise from the same or substantially identical transactions, happenings, or events;

☐ B.  Involve the same or substantially the same parties or property;

☐ C.  Involve the same patent, trademark or copyright;

☐ D.  Call for determination of the same or substantially identical questions of law, or

☐ E.  Likely for other reasons  may entail unnecessary duplication of labor if heard by different judges.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

### SAN DIEGO COUNTY

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

### LOS ANGELES COUNTY, SACRAMENTO COUNTY, SAN BERNARDINO COUNTY

List the California County,  or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

### RIVERSIDE COUNTY

---



X. SIGNATURE OF ATTORNEY (OR PRO PER):                                     Date   May 25, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

---

<u>DEFENDANT'S LIST</u>

1. BED BATH & BEYOND of CALIFORNIA, LLC dba BED BATH & BEYOND #538;

2. SPORT CHALET, INC. dba SPORT CHALET #29;

3. RIVERSIDE HAMNER PROPERTIES, LLC,