UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-04554 DMG (MANx)** | Date | August 21, 2012 |
| Title | *Chris Kohler v  Bed Bath & Beyond of California, LLC, et al.* | Page | 1 of 9 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT [Doc. ## 18, 24]**

I.
INTRODUCTION

On May 26, 2011, Plaintiff Chris Kohler filed a complaint against Defendant Bed Bath & Beyond of California, LLC,[1] raising 12 causes of action for violations of the Americans with Disabilities Act of 1990 ( "ADA"), 42 U.S.C. § 12101 *et seq.*, and related state law provisions. Specifically, Plaintiff claims that the restroom at Defendant's facility in Riverside, California does not comply with the ADA and state disability law due to  (1) insufficient clearance on the strike side of the door when entering the restroom; (2) incorrect signage on the restroom door; (3) a toilet tissue roll located more than 12 inches away from the toilet; (4) unwrapped pipes that created a burn risk; (5) a paper towel dispenser located more than 40 inches off the ground; and (6) insufficient clearance on the strike side of the door when exiting the restroom.  (Compl. ¶ 15.)

Plaintiff filed a motion for summary judgment on June 1, 2012. [Doc. # 18.]  On June 15, 2012, Defendant filed a cross-motion for summary judgment. [Doc. # 24.]  The Court held a hearing on both motions on July 20, 2012. Despite Plaintiff's failure to file timely objections to Defendant's declarations, the Court granted Plaintiff leave to conduct limited discovery solely to authenticate the photographs attached to the Declaration of Steve Cerda.  Thereafter, Plaintiff overreached by propounding more extensive interrogatories than were permitted by the Court and further overreached by late-filing a "supplemental objection" to the Larry Wood declaration on grounds having nothing to do with the authentication of the subject photographs.  As Plaintiff has failed to successfully challenge the photographs attached to the Cerda declaration for lack of

---

[1] In addition, Plaintiff originally named as defendants Sport Chalet, Inc. and Riverside Hamner Properties, LLC.  On August 30, 2011, Plaintiff voluntarily dismissed his claims against Riverside Hamner Properties with prejudice.  [Doc. # 15.]  Pursuant to the parties' stipulation [Doc. # 33], the Court dismissed Plaintiff's claims against Sport Chalet with prejudice on July 3, 2012.  [Doc. # 34.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-04554 DMG (MANx) | Date | August 21, 2012 |
|---|---|---|---|
| Title | *Chris Kohler v  Bed Bath & Beyond of California, LLC, et al.* | Page | 2 of 9 |

authentication, the Court now issues its ruling.  For the reasons set forth below, Plaintiff's motion is DENIED and Defendant's motion is GRANTED.

## II.
## FACTUAL BACKGROUND

Plaintiff is a paraplegic and requires the use of a wheelchair when traveling in public. (Pl.'s Statement of Undisputed Facts ("SUF") ¶ 1.)  On May 11, 2011 and May 16, 2012, he used the restroom at the Bed Bath & Beyond store no. 538 located at 3700 Tyler Street in Riverside, California ("Store").  (*Id.* ¶ 2.)  Defendant operates or leases the Store.  (*Id.* ¶ 3.)

When Plaintiff used the restroom, there was no international symbol of accessibility at the restroom's entrance that designates the men's restroom as accessible to the disabled.[2] (Kohler Decl. ¶ 4(d), Ex. D [Doc. # 18-2].)  Without the accessibility sign at the bathroom entrance, Plaintiff felt uncertain whether the bathroom was accessible to wheelchair users.  (*Id.* ¶ 4(d).)  There was also less than ten inches of wall space at the strike side of the door entrance. (Kohler Decl. ¶ 4(c), Ex. C.)  Beyond this wall space, however, there was four feet of clear floor space.  (Wood Decl. ¶ 5, Ex. 2 [Doc. # 23]).  The strike side wall clearance made it difficult for Plaintiff to get the leverage necessary to pull open the restroom door.  (Kohler Decl. ¶ 4(c).)

Plaintiff also encountered more possible physical barriers inside the restroom.  The front toilet tissue dispenser was more than twelve inches from the front of the toilet.  (*Id.* ¶ 4(e), Ex. E.)  The other toilet tissue dispenser was mounted within twelve inches of the front of the toilet. (Wood Decl. ¶ 9, Ex. 10.)  Plaintiff found it difficult to use the toilet as it was difficult to reach the toilet paper.  (Kohler Decl. ¶ 4(e).)  The pipes under the sink were not completely and properly wrapped when Plaintiff used the restroom.  (*Id.* ¶ 4(f), Ex. F.)  Plaintiff found it difficult to use the sink because the heat from the exposed pipes could burn his legs when he washes his hands.  (Kohler Decl. ¶ 4(f).)  The operable part of the paper towel dispenser was more than 40 inches above the floor and Plaintiff found it difficult to reach for the towels to wash his hands. (Kohler Decl. ¶ 4(g), Ex. G.)  This paper towel dispenser is recessed into the wall and cannot be easily relocated.  (Cerda Decl. ¶ 4 [Doc. # 20].)

---

[2] Defendant disputes most of Plaintiff's allegations because Plaintiff stated in a deposition that he did not have difficulty finding the restroom and never used certain amenities in the restroom like the sink, toilet paper, and paper towels.  Plaintiff, however, "need not engage in the 'futile gesture' of attempting to gain access" to succeed on his ADA claims.  Plaintiff has standing to assert an ADA violation if he has knowledge of illegal barriers at a public accommodation to which he desires access.  *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1139 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-04554 DMG (MANx)** | Date | August 21, 2012 |
| Title | *Chris Kohler v  Bed Bath & Beyond of California, LLC, et al.* | Page | 3 of 9 |

There was also less than three inches of wall and floor space on the push-strike side of the restroom door.  (Kohler Decl. ¶ 4(h), Ex. H.)  Plaintiff found it difficult to push open the door because he needs additional wall and floor clearance.  (Kohler Decl. ¶ 4(h).)  There is no latch on the exit side of this restroom door.  (Wood Decl. ¶ 5, Ex. 2.)

As of June 5, 2012, many of the alleged ADA violations no longer exist.[3]  There is currently an international symbol of accessibility at the men's restroom door entrance and the exposed pipes have been covered.  (Cerda Decl. ¶¶ 2-3, Ex. 1-2.)  There is also an additional towel dispenser that is mounted within forty inches of the floor.  (*Id*. ¶ 4, Ex. 3.)

### III.
### LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *accord Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Material facts are those that may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  Partial summary judgment may be sought on any claim or defense, or part thereof, and the court may grant less than all of the relief requested by the motion.  *See* Fed. R. Civ. P. 56(a), (g).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the moving party has met its initial burden, Rule 56(c) requires the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 324 (quoting Fed. R. Civ. P. 56(c), (e) (1986)); *see also Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (*en banc*) ("Rule 56 requires the parties to set out facts they will be able to prove at trial.").  "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

---

[3] Plaintiff disputes this but offers no evidence to the contrary.  (Pl.'s Response to Def.'s SUF ¶¶ 3, 5, 7 [Doc. # 30-1].)  Defendant provides photographic evidence of the current state of the restroom showing that the modifications have in fact been made.  Plaintiff's dispute concerns only whether the restroom was ADA compliant at the time Plaintiff visited the Store—not its present condition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-04554 DMG (MANx) | Date | August 21, 2012 |
| Title | *Chris Kohler v  Bed Bath & Beyond of California, LLC, et al.* | Page | 4 of 9 |

# IV.
# DISCUSSION

### A.     Defendant's Motion for Summary Judgment

To prevail on a discrimination claim under Title III of the ADA, a plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citations omitted).

As none of the parties dispute that Plaintiff meets the first two requirements for an ADA claim, the sole issue before the Court is whether Defendant denied Plaintiff public accommodations because of his disability. Defendant contends that Plaintiff's ADA claims fail because either Plaintiff alleges non-existent violations or any actual violations have been fixed.

With respect to existing facilities, disability discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (*en banc*) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). Where an individual "has suffered discrimination in the form of a refusal to remove architectural barriers, he may seek injunctive relief including 'an order to alter facilities to make such facilities readily accessible . . . and usable.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008) (quoting 42 U.S.C. § 12188(a)(2)). In general, a facility is "readily accessible to and usable by individuals with disabilities" if it meets the requirements of the ADA Accessibility Guidelines ("ADAAG"). *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

In ADA suits brought by private parties, injunctive relief is the sole remedy available.[4] *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1174 (9th Cir. 2010) (citing *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002)). Nevertheless, there must be a live controversy at all times during the litigation in order for the court to exercise jurisdiction over the plaintiff's ADA claims. "[P]ast wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (citing *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)). "Where the activities sought to be enjoined already have occurred . . . , the action is moot, and must be dismissed." *Bernhardt v. County of Los Angeles*, 279 F.3d 862,

---

[4] Plaintiff also asserts a claim for damages under the Unruh Act. The Unruh Act is coextensive with the ADA but, unlike the ADA, allows private parties to recover monetary damages. *See Molski*, 481 F.3d at 731.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-04554 DMG (MANx) | Date | August 21, 2012 |
|---|---|---|---|

| Title | *Chris Kohler v Bed Bath & Beyond of California, LLC, et al.* | Page | 5 of 9 |
|---|---|---|---|

871 (9th Cir. 2002) (citing *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1095 (9th Cir. 2001)).

 1. **Plaintiff's ADA Claims Fail**

  a. **The ADAAG Does Not Require 18 Inches of Wall Space Next to the Strike Edge on the Pull Side of the Door**

 Plaintiff contends that the ADAAG requires 18 inches of wall space next to the edge of a door that strikes the frame—*i.e.*, the "strike edge"—on the side of the door that opens inward—*i.e.*, the "pull side." Defendant argues that there must be 18 inches of *clearance*—*i.e.*, clear *floor* space—and that it has fulfilled this requirement because there is at least four feet of clear floor space at the strike edge on the pull side of the Store's restroom door.

 Defendant is correct. The ADAAG states that "[m]inimum maneuvering clearances at doors that are not automatic or power-assisted shall be as shown in Fig. 25." (ADAAG § 4.13.6)



Figure 25(a)

Figure 25(a) depicts dotted lines indicating the floor space needed for a disabled individual to maneuver and open the door for both ingress and egress from a restroom. There is a solid line identifying "18 min" as the dimensions of the required floor space on the pull side. *Id.* Given that the line is placed to show the dimensions of clear floor space and ADAAG regulation 4.13.6 deals with minimum maneuvering clearances, it is manifest that the "18 min" line refers to open floor space and not wall space. Defendant has submitted multiple declarations from four California certified access specialists and numerous Department of Justice ("DOJ") guidelines that support this interpretation. (*See* Wood. Decl. ¶¶ 3, 6. Ex. 3, Ex. 4 at 5, Ex. 6. at 7, Exs. 7-8; Kenefick Decl. ¶¶ 4-6, Exs. 3, 4, 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-04554 DMG (MANx)** | Date | August 21, 2012 |
|---|---|---|---|

| Title | *Chris Kohler v  Bed Bath & Beyond of California, LLC, et al.* | Page | 6 of 9 |
|---|---|---|---|

Plaintiff relies primarily on *Rush v. Denco Enters., Inc.* __ F. Supp. 2d __, 2012 WL 1423584, at * 4, 2012 U.S. Dist. LEXIS 87940, at *10 (C.D. Cal. Apr. 24, 2012), for the proposition that ADAAG section 4.13.6 requires "at least 18 inches on the strike side wall of a 'pull' door."  In *Rush*, however, the plaintiff's motion was effectively unopposed.  Courts that have given the issue more than passing consideration have disagreed with Plaintiff's interpretation of ADAAG section 4.13.6.  *See, e.g.*, *Kohler v. Bed Bath & Beyond of Cal., LLC* ("*Kohler I*"), No. EDCV 11-01246 VAP (OPx), 2012 WL 2449928 at *10, 2012 U.S. Dist. LEXIS 89368, at *33 (C.D. Cal. June 27, 2012).

In *Kohler I*, which involved the same issue and parties here, Judge Phillips considered the issue at length and held that ADAAG section 4.13.6 regulates floor space and not wall space.  This Court agrees with Judge Phillips' reasoning and conclusion.

Plaintiff also submits a DOJ questionnaire checklist that refers to "18 inches of wall space" on the latch side of the door to argue that the DOJ interprets ADAAG section 4.13.6 to refer to wall space. (Leonard Opp'n Decl., Ex. A at 14 [Doc. # 30-3].)  Plaintiff takes this phrase out of context.  Although use of the phrase "wall space" is imprecise, the question in its entirety makes it clear that "wall space" actually refers to clearance:  "Is there adequate room for a person who uses a wheelchair to approach the restroom door from the pull side and pull it open without it hitting the wheelchair—this requires at least 18" of wall space on the latch side of the door?"  (*Id.*)  The amount of wall space—as opposed to clearance—does not affect whether an individual in a wheelchair has room to maneuver around the door as it opens.

Defendant has provided uncontroverted evidence that the restroom door has the required amount of floor clearance.  Plaintiff has not stated a valid ADA violation with regard to "wall space" at the strike edge on the pull side of the door.

      **b.**    **The ADAAG Does Not Require 12 Inches of Floor Clearance on the Push Side of the Door.**

Defendant contends that Plaintiff has not alleged an ADA violation with regard to its push side door clearance claim because the ADAAG only requires push side floor clearance when the door is equipped with a latch.  Defendant is correct, as ADAAG section 4.13.6, figure 25 specifically notes that the 12 inch minimum floor clearance on the push side of the door is only required if the "door has both a closer and latch." (ADAAG § 4.13.6, Fig. 25.)  Plaintiff's contention that all doors have a latch side is not a reasonable interpretation of the ADAAG's clear language requiring floor clearance only if there is both a closer and a latch.  As there is no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-04554 DMG (MANx) | Date | August 21, 2012 |
|---|---|---|---|

| Title | Chris Kohler v Bed Bath & Beyond of California, LLC, et al. | Page | 7 of 9 |
|---|---|---|---|

latch on the restroom door, Plaintiff's allegation that there is only three inches of floor clearance on the push side of the door is not a violation of the ADA.

### c. ADAAG Does Not Require Both Toilet Paper Dispensers to Be Within 12 Inches of the Toilet.

Defendant also argues that Plaintiff has not stated a valid claim with his allegation that one of the two toilet paper dispensers inside the restroom stall is greater than 12 inches from the toilet—it is undisputed that the adjacent toilet paper dispenser complies with the ADAAG. Once again, Defendant is correct as ADAAG section 4.16.6 only requires that the toilet paper be installed "within reach, as shown in Fig. 29(b)." (ADAAG § 4.16.6.) Figure 29(b) does not specify the toilet paper dispenser's distance from the toilet but states only that it must be at least 19 inches from the floor. (ADAAG § 4.16.6, Fig 29(b).) Moreover, Plaintiff provides no factual support for any contention that the subject toilet paper dispensers were not "within reach."

Notwithstanding ADAAG's silence regarding the precise horizontal measurements which would make toilet paper "within reach," Plaintiff relies on California Building Code ("CBC") section 1115B.8.4, which states that "[t]oilet tissue dispensers shall be located on the wall within 12 inches . . . of the front edge of the toilet seat," to argue that *every* toilet paper dispenser must be within 12 inches of the toilet. Under Plaintiff's construction of CBC section 1115B.8.4, the regulation's use of "dispensers" in the plural means that *all* dispensers in a given restroom stall must be located within 12 inches of the toilet. Assuming, *arguendo,* that the CBC even controls what constitutes an ADA violation,[5] the more likely meaning of this regulation is that there must be toilet paper dispensers—at least one in each restroom stall—located on the wall within 12 inches of the toilet.

It is clear from the sentence structure of the surrounding regulations that toilet paper dispensers are not optional. Section 1115B.8 pertains to various restroom accessories. Other than toilet paper dispensers, the other enumerated accessories are optional. *Compare* CBC § 1115B.8.2 ("If medicine cabinets are provided . . . ."), *id*. § 1115B.8.3 ("Where towel, sanitary napkins, waste receptacles, dispensers, other equipment and controls are provided . . . ."), *and id*. § 1115B.8.5 ("Where lockers are provided . . . ."), *with id*. § 1115B.8.4 ("Toilet tissue dispensers shall be located . . . ."). The structure of section 1115B.8.4 is deliberate. It shows that toilet paper dispensers are required, but it does not require any particular number of dispensers. Thus, once a public accommodation provides a toilet paper dispenser within 12 inches of a restroom

---

[5] *But see Wilson v. Pier 1 Imports (US), Inc.*, 439 F. Supp. 2d 1054, 1066 (E.D. Cal. 2006) (rejecting contention that building code governs ADA compliance). Because the Court finds that Defendant complied with the building code, it need not and does not decide whether non-compliance would violate the ADA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-04554 DMG (MANx) | Date | August 21, 2012 |
| Title | *Chris Kohler v Bed Bath & Beyond of California, LLC, et al.* | Page | 8 of 9 |

toilet, it has complied with the regulation. Any additional dispensers are beyond the regulation's scope.

Plaintiff does not dispute that at least one of the toilet paper dispensers is within 12 inches of the front end of the toilet. Consequently, Defendant has complied with the California Building Code and—to the extent the building code is relevant to the ADAAG—the ADA.

### d. The Paper Towel Dispenser and Pipes Are Now ADA-Compliant

Defendant submits photographs demonstrating that the previously exposed pipes have been covered and an additional paper towel dispenser has been mounted within 40 inches of the floor. (Cerda Decl. ¶¶ 2-3, Exs. 1, 2.) Plaintiff has not provided any evidence to dispute this fact. Generally, when alleged barriers no longer exist at the time the Court is asked to award injunctive relief, the ADA claim is moot. *See Oliver*, 654 F.3d at 905.

Plaintiff relies on *Wilson* for the proposition that his ADA claim is not moot because a court can award damages even for barriers that have been removed. *Wilson* differed from this case in an important respect: the court had already granted summary judgment in favor of the plaintiff on one of his ADA claims. Thus, the plaintiff had also proven a violation of the Unruh Act, entitling him to damages. Here, the Court need not resolve whether Defendant has violated state law because none of Plaintiff's ADA claims currently have merit.

Plaintiff's other contention—that the issue is not moot because he also seeks declaratory relief—is unpersuasive. Plaintiff points to *Outdoor Media Group, Inc., v. City of Beaumont*, 506 F.3d 895 (9th Cir. 2007). In fact, *Outdoor Media* supports the *opposite* contention. It held that "the city's repeal of the [challenged] sign ordinance moots Outdoor Media's claims for declaratory and injunctive relief." *Id.* at 901. The panel noted that declaratory relief would only be warranted "where it is virtually certain that the repealed law would be reenacted." *Id.* (emphasis and internal quotation marks omitted) (quoting *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994)). Here, Defendant provides sufficient evidence that all of the potential ADA violations have been remediated. There is no evidence that Defendant is virtually certain to reinstate any of the barriers. Thus, the Court finds that Plaintiff has not alleged any actionable ADA violation.[6]

### 2. The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims

---

[6] As Plaintiff has not alleged any actionable ADA violation, the Court need not reach Defendant's argument that Plaintiff has not suffered any injury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-04554 DMG (MANx) | Date | August 21, 2012 |
|---|---|---|---|

| Title | *Chris Kohler v Bed Bath & Beyond of California, LLC, et al.* | Page | 9 of 9 |
|---|---|---|---|

The Court must determine whether to exercise supplemental jurisdiction over the remaining state law claims. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))). The Court finds that dismissal of Plaintiff's state law claims would not create a risk of duplicative litigation or a waste of judicial resources as none of the parties appear to dispute any material fact and the issues that remain primarily relate to liability under state law and damages. The Court finds that the principles of judicial economy, procedural convenience, fairness to litigants, and comity, do not support exercising supplemental jurisdiction over Plaintiff's remaining state law claims. The Court accordingly dismisses Plaintiff's state law claims without prejudice.

B.     **Plaintiff's Motion for Summary Judgment**

For the same reasons that Defendant is entitled to summary judgment, Plaintiff is not. Viewing the evidence in the light most favorable to Plaintiff does not change the result. Accordingly, Plaintiff's motion for summary judgment is DENIED.

## V.
## CONCLUSION

In light of the foregoing:

1. Defendant's motion for summary judgment is **GRANTED** as follows:

    a. Judgment shall be entered in favor of Defendant on Plaintiff's ADA claims.

    b. Plaintiff's supplemental state law claims are **DISMISSED** without prejudice.

2. Plaintiff's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**